IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL ANDRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-251-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| INC., DR. LAWRENCE MCDONALD, | ) |
| DR. FREDERICK VANDUSEN, | ) |
| DR. FREDERICK DURST, CANDY | ) |
| DIBBLE, JOHN DOE 1 SPECIALIST, | ) |
| JOHN DOE 2 DIRECTOR, TRACEY | ) |
| WILKENS, and NURSE JANE DOE (KC), | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Daryl Andrus ("Andrus"), an inmate at the James T. Vaughn Correctional

Center ("VCC"), formerly known as the Delaware Correctional Center, Smyrna, Delaware, filed

this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted

permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now

proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Andrus, an inmate in the chronic care patient program, alleges that he has hepatitis C,

liver disease, spinal injuries, heart problems, chronic hypertension, depression, and mental illness

and that the defendants Correctional Medical Services, Inc. ("CMS"), Dr. Lawrence McDonald

("Dr. McDonald"), Dr. Frederick VanDusen ("Dr. VanDusen"), Dr. Frederick Durst ("Dr.

Durst"), Candy Dibble ("Dibble"), Dr. John Doe 1 specialist ("Dr. Doe"), Hospital Director John

Doe ("Director Doe"), Tracey Wilkins ("Wilkens"), and Nurse Jane Doe ("KC") are denying,

delaying, or knowingly providing less efficacious and/or contraindicated medical care and have retaliated against him for filing medical grievances beginning in 2001 and continuing through 2008. (D.I. 2, count I; "First Cause of Action"). In general, count I alleges that, for no legitimate medical reason, the defendants either do not provide Andrus with what he believes is appropriate chronic care medication or there is a delay in the administration of chronic care medication and this causes him acute pain and suffering. Count II alleges that as of March 2008, CMS and Dr. McDonald are denying, delaying, or knowingly providing less efficacious and/or contraindicated medical care for Andrus' hepatitis C/liver disease. (*Id.* at count II; "Second Cause of Action") The complaint also contains allegations against CMS, Dibble, and Wilkens which relate to grievances Andrus submitted and retaliation for submitting those grievances. (*Id.* at counts I; "First Cause of Action") Andrus alleges the defendants have violated his Eighth and Fourteenth Amendment rights, retaliated against him for seeking redress, and "any other state tort claims that are supported by the case facts." (D.I. 2.)

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.*

*Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7ᵗʰ Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson*

*v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964

(2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the allegations in the complaint are

true (even if doubtful in fact)." *Id.* (citations omitted).

Andrus is required to make a "showing" rather than a blanket assertion of an entitlement

to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing

*Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting

*Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of' the necessary element." *Id.* at 234.  Because Andrus proceeds

*pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Statute of Limitations

The complaint was filed on April 11, 2008.[1]  There is a two year statute of limitation

period for § 1983 claims.  *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248

(D. Del. 1996).  Section 1983 claims accrue "when plaintiff knows or has reason to know of the

injury that forms the basis of his or her cause of action." *Id.*  Claims not filed within the two-year

statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No.

99-440-JJF, 2001 WL 845654, at \*2 (D. Del. July 24, 2001).

Count I of the complaint contains allegations against CMS, Dr. Durst, and Dr. McDonald

for their actions or inactions on dates prior to April 11, 2006.  (See D.I. 2, ¶¶ 18, 44-59, 65, 143,

"First Cause of Action).  The statute of limitations is an affirmative defense that generally must

be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance*

*Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006);

*Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986).  "[W]here the statute of

---

[1] The computation of time for complaints filed by *pro se* inmates is determined according
to the "mailbox rule" and the complaint is deemed filed as of the date it was delivered to prison
officials for mailing to the court. *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134
F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).
Inasmuch as the complaint was signed on April 11, 2008, this is the earliest date it could have
been delivered to prison officials for mailing.

-4-

limitations defense is obvious from the face of the complaint and no development of the factual

record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28

U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 Fed. Appx. 454 (3d Cir.

2008); *Wakefield v. Moore*, 211 Fed. Appx. 99 (3d Cir. 2006) (citing *Fogle v. Pierson*, 435 F.3d

1252, 1258 (10th Cir. 2006)).  It is evident from the face of the complaint that the claims in the

foregoing listed paragraphs against CMS, Dr. McDonald, and Dr. Durst are barred by the two

year limitation period.  Therefore, the court will dismiss those claims pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

### B. Grievances

In count I, Andrus alleges he filed multiple medical grievances, to no avail.  More

particularly, he alleges that CMS refused to reply to grievances he filed, violated the inmate

grievance procedures by refusing to hear grievances within the time required, and denied him the

medical care requested in the grievances.  (D.I. 2, ¶¶ 60-68, 82-83, 140-141.)

The filing of a prison grievance is a constitutionally protected activity. *Robinson v.

Taylor*, 204 Fed. Appx. 155 (3d Cir. 2006).  Although prisoners have a constitutional right to

seek redress of grievances as part of their right of access to courts, this right is not compromised

by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751,

761 (E.D. Pa. 2004).  This is because inmates do not have a constitutionally protected right to a

grievance procedure. *Burnside v. Moser*; 138 Fed. Appx. 414, 416 (3d Cir. 2005)(citations

omitted)(failure of prison officials to process administrative grievance did not amount to a

constitutional violation).  Nor does the existence of a grievance procedure confer prison inmates

with any substantive constitutional rights. *Hoover v. Watson*, 886 F. Supp. 410, 418-419 (D.

-5-

Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. *Hurley v. Blevins*, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

Andrus cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations against CMS, regarding unconstitutional conduct relating to the Andrus' grievances are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel

-6-

were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation.  *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).  Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Count I alleges that CMS, Drs. McDonald, VanDusen, Durst, and Doe, and Director Doe, Wilkens, and KC intentionally denied, delayed, or provided less efficacious and/or contraindicated chronic care medications to Andrus. (D.I. 2, ¶ 13, 19.)  Andrus alleges that, because of his medical conditions, he must take pain relievers, muscle relaxants, nerve damage medication, and chronic care medications and when denied of any dosage of the needed medications he is rendered "completely disabled and incapacitated." (*Id.* at ¶ 15.)

Andrus specifically alleges that on March 22, 2008, Dr. McDonald made several false statements to him in an effort to mislead him on the issue of medication. (D.I. 2, ¶ 120.)  After Andrus requested pain medication, Dr. McDonald prescribed a medication which Andrus believes is contraindicated for someone who suffers from Hepatitis C or liver disease, but he was told by Dr. McDonald that he could take a certain amount. (Id. at 120-123.)  Dr. McDonald told Andrus he would prescribe a pain medication ("Ultram") he had taken in the past, but Andrus later learned that Dr. McDonald did not reorder the medication. (*Id.* at ¶¶ 125-127.)

Andrus saw Dr. VanDusen on March 5, 2008. (D.I. 2, ¶ 92.)  He alleges that Dr. VanDusen renewed one medication, discontinued another medication, cut in half the dosage of

yet another medication, and prescribed an "ineffective and contraindicated" over-the-counter medication. (*Id.*) Andrus complains that Dr. VanDusen made changes to his medication "unilaterally and without Andrus' knowledge." (*Id.* at ¶¶ 114-116.) Andrus alleges that Dr. McDonald advised Dr. VanDusen there was no reason to discontinue a certain medication. (*Id.* at ¶ 119.) He next alleges that in July/August 2007, Dr. VanDusen substituted "semi-effective" chronic care medications for a different medication that was less efficacious and contraindicated to his medical conditions. (*Id.* at ¶¶ 145-146.) He complains that Dr. VanDusen misled him into believing the substituted medication was a more powerful pain reliever, knowing this was a false and that Dr. VanDusen knew the substitute medication was less efficacious than others and contraindicated and would cause Andrus undue pain and suffering. (*Id.* at ¶¶ 147-152.) Andrus alleges he experienced adverse effects after taking the medication. (*Id.* at ¶ 154.) In 2008 Dr. VanDusen advised Andrus that his recent EKG evidenced a recent heart attack and/or a coronary event. (*Id.* at ¶ 163.) Andrus alleges that Dr. VanDusen said nothing about follow-up care. He also alleges that the substitute medication was the proximate cause of his heart attack. (*Id.* at ¶ 164.)

Andrus alleges that he filed a sick call slip in July and August 2006 to see Dr. Durst. (D.I. 2, ¶ 73.) At some point in time an MRI had been ordered, but Dr. Durst "countermanded' the MRI order. (Id. at ¶ 76.) Nonetheless the MRI took place. (*Id.*)

Andrus was also seen by back specialist Dr. Doe. (*Id.* at ¶ 80.) Andrus complains that Dr. Doe did not discuss the risks or benefits of neurosurgery, did not discuss his residual tangible back damage or how surgery could correct it, and did not discuss Andrus' amount of healing since his injuries. (*Id.*) Andrus alleges that Dr. Doe simply made a "declaration absent any

-8-

consideration of legitimate medical factors" to deny neurosurgery. (*Id.*)

Andrus alleges that on March 3, 2008, after his mother made complaints about his medical care, he was seen by Director Doe. (D.I. 2, ¶¶ 106-110.) Andrus complains that Director Doe was "abrupt, hostile, and contemptuous," and treated him as a "nuisance" and not as a patient in a dire and emergency situation. (*Id.* at ¶ 110.) Director Doe provided Andrus with nerve medication, but refused to give him any pain or muscle relaxants, telling Andrus he would see a physician the next day (*Id.* at 111.) Andrus, complains that he did not see a physician the next day, although he saw Dr. VanDusen two days later on March 5, 2008. (*Id.* at ¶ 114.)

Andrus alleges that KC callously, maliciously, and recklessly disregarded his sick call request dated November 9, 2007, wherein he complained of chest pains after she wrote, "Rec'd 11-14-07 at 9:30. are you having chest pain or do you just want your pain meds renewed. You are being scheduled to see infection control. KC." (D.I. 2, ¶ 159, 165) Andrus alleges that the infectious disease control doctor has nothing to do with chest pains (*Id.* at ¶ 160.) As discussed above, at some point in time Andrus received an EKG that evidenced a recent heart attack and/or coronary event. (*Id.* at 163.)

Finally, Andrus alleges that during 2006 through 2008 he was forced to file numerous sick call requests for his chronic care medications; either to have them reordered or provided because of CMS' "on-going and pervasive interruptions and denials." (*Id.* at ¶ 88.) Andrus alleges, without any supporting facts that Drs. Durst, VanDusen, and McDonald, and Director Doe, Wilkens, and Dibble actively realized CMS" impermissible policy during this period.

The claims in count I against Dr. McDonald, Dr. VanDusen, Dr. Durst, Dr. Doe, Director Doe, and KC do not rise to the levels of constitutional violations. In an attempt to state a claim

Andrus uses labels and conclusions without sufficient facts to allege a medical needs constitutional violation. Indeed, the allegations are not that these defendants were deliberately indifferent to plaintiff's serious medical needs but, rather, that plaintiff disagreed with the medication administered, treatment rendered, or opinions offered. The allegations against the foregoing defendants fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need. Finally, the claims in count I against CMS wherein Andrus disagrees with the treatment rendered, medications prescribed, or opinions offered do not allege Eighth Amendment violations.

For the foregoing reasons, the court finds that all the claims in count I against Dr. McDonald, Dr. VanDusen, Dr. Durst, Dr. Doe, Director Doe, and KC and those claims in count I against CMS wherein Andrus disagrees with the treatment rendered, medications prescribed, or opinions offered, fail to state a § 1983 claim upon which relief may be granted, and they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).[2] Andrus may proceed on the remaining medical needs claims against CMS in count I, specifically, those that allege a custom or policy by CMS to deny or delay the administration of chronic care medication.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims in count I against the defendants

---

[2]The complaint makes the all encompassing statement that it is brought pursuant to "any other state tort claims that are supported by the case facts." (D.I. 2, 1) To the extent that Andrus refers to a medical negligence claim, he must comply with Delaware's medical negligence statutes. Section 6853(a)(1) provides that no healthcare negligence lawsuit shall be filed in Delaware unless the complaint is accompanied by an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Andrus did has not file the required affidavit and, therefore, the court does not consider the complaint as alleging medical negligence claims.

Dr. McDonald, Dr. VanDusen, Dr. Durst, Dr. Doe, Director Doe, and KC for failure to state a §

1983 claim upon which relief may be granted. The court will dismiss those claims in counts I

against CMS wherein Andrus disagrees with the treatment rendered, medications prescribed, or

opinions offered. The court will dismiss all claims barred by the statute of limitations and those

claims relative to the grievances filed. Andrus may proceed: (1) on count I against CMS and

Wilkens on § 1983 medical needs claim; and against CMS, Dibble, and Wilkens on the

retaliation claim; and (2) on count II against CMS and Dr. McDonald on the § 1983 medical

needs claim. An appropriate order will issue.



CHIEF, UNITED STATES DISTRICT JUDGE

Oct 9 , 2008

Wilmington, Delaware

**F I L E D**

OCT – 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARYL ANDRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 08-251-GMS | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., DR. LAWRENCE MCDONALD, | ) | |
| DR. FREDERICK VANDUSEN, | ) | |
| DR. FREDERICK DURST, CANDY | ) | |
| DIBBLE, JOHN DOE 1 SPECIALIST, | ) | |
| JOHN DOE 2 DIRECTOR, TRACEY | ) | |
| WILKENS, and NURSE JANE DOE (KC), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this _9th_ day of _Oct._, 2008, for the reasons set forth in

the Memorandum issued this date,

1. The claims in count I against the defendants  Dr. Lawrence McDonald, Dr. Frederick

VanDusen, Dr. Frederick Durst, Dr. Doe, Director John Doe, and Nurse Jane Doe (KC)  are

**dismissed** for failure to state a § 1983 claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Dr. Frederick VanDusen, Dr. Frederick Durst, Dr.

Doe, Director John Doe, and Nurse Jane Doe (KC) are **dismissed** as defendants.

2. The claim in counts I against Correctional Medical Services, Inc. alleging

disagreement with the treatment rendered, medications prescribed, or opinions offered are

**dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

     3. All claims barred by the statute of limitations, as outlined in the court's Memorandum, and the grievance claims are **dismissed** for failure to state a claim upon which relief may be granted pursuant to  28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

     4. The court has identified what appears to be cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against the defendants Correctional Medical Services, Inc., Candy Dibble, Tracey Wilkens, and Dr. Lawrence McDonald. Andrus may **proceed**: (1) on count I against Correctional Medical Services, Inc. and Tracey Wilkens on § 1983 medical needs claim; and against Correctional Medical Services, Inc., Dibble, and Tracey Wilkens on the retaliation claim; and (2) on count II against Correctional Medical Services, Inc., and Dr. Lawrence McDonald on the § 1983 medical needs claim.

     IT IS FURTHER ORDERED that:

     1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

     2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendants Correctional Medical Services, Inc., Dr. Lawrence McDonald, Candy Dibble, and Tracey Wilkens** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of**

-3-

the Court. **Failure to provide the "U.S. Marshal 285" forms for the remaining defendants
and the attorney general within 120 days from the date of this order may result in the
complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil
Procedure 4(m).**

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal
shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing
fee order(s), and a "Return of Waiver" form upon the defendants identified in the 285 forms.

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of
Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been
received from a defendant, the United States Marshal shall personally serve said defendant(s) and
said defendant(s) shall be required to bear the cost related to such service, unless good cause is
shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(c)(1) and (2).

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process
timely returns a waiver as requested, is required to answer or otherwise respond to the complaint
within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of
Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a
motion, said motion shall be accompanied by a brief or a memorandum of points and authorities
and any supporting affidavits.

    6. No communication, including pleadings, briefs, statement of position, etc., will be
considered by the court in this civil action unless the documents reflect proof of service upon the
parties or their counsel.

    7. **NOTE:** *** When an amended complaint is filed prior to service, the court will

**VACATE** all previous Service Orders entered, and service **will not take place**. An amended

complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2)

and § 1915A(a). **\*\*\***

    8. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to

service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

CHIEF, UNITED STATES DISTRICT JUDGE

```
        FILED

      OCT - 9 2008

    U.S. DISTRICT COURT
   DISTRICT OF DELAWARE
```