IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARYL ANDRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 08-251-GMS | |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| INC., DR. LAWRENCE MCDONALD, | ) | |
| CANDY DIBBLE, TRACEY WILKENS, | ) | |
| and PERRY PHELPS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 2ⁿᵈ day of Feb , 2009;

The plaintiff, Daryl Andrus ("Andrus"), a prisoner housed at the James T. Vaughn

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was

granted leave to proceed *in forma pauperis*. (D.I. 1, 6.) Pending before the court is Andrus'

motion for a preliminary injunction for emergency medical care with supporting memorandum

and supplement. (D.I. 3, 4, 7.) The defendants Correctional Medical Services ("CMS") and

Warden Perry Phelps ("Phelps") (collectively "the defendants") filed their responses on October

17, 2008 and October 21, 2008, along with grievances submitted by Andrus and his medical

records.[1] (D.I. 15, 16, 17, 28.) Andrus objects and moves to strike to the defendants response.

(D.I. 24.) He also filed a response. (D.I. 25.)

---

[1]The court ordered CMS to submit Andrus' ***pertinent*** medical records. (D.I. 13.) It
appears CMS disregarded the Order and submitted Andrus' entire medical record. The record is
quite voluminous and over half of it irrelevant to the instant motion. Nonetheless, the court
reviewed each page of the entire submission as it trusted, incorrectly, that CMS had submitted
only the ***pertinent*** medical records.

In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Williamson v. Correctional Medical Services, Inc.*, No. 07-4425 (3d Cir. Dec. 23, 2008) (quoting *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Andrus claims that he is not receiving his chronic care medication for a back condition and he is not being treated for Hepatitis C. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Documents submitted by the responding defendants indicate that Andrus has been continually treated for his chronic care condition and that physicians are using various types of treatment for the condition, ranging from pain medication to physiotherapy. Additionally, the medical records reflect that Andrus has been, and is being, prescribed medication for his

-2-

condition.

Andrus' affidavit, dated March 28, 2008, states that, on or about February 13, 2008, there

was a lapse of his chronic care medications, and that it was not until March 11, 2008, that they

were provided in full. (D.I. 24, Andrus. aff.)  Andrus avers that his current chronic care

medications are "by no means completely effective, but to date, they are the most effective and

also have the least side-effects." (*Id.*)

Given the exhibits submitted to the court, Andrus has not demonstrated the likelihood of

success on the merits.  The records indicate that he has received, and continues to receive, care

for his medical conditions.  Moreover, the medical records indicate that his medical conditions

are being  monitored.  Finally, Andrus states that the medications he now receives are the most

effective and have the least side effects.  There is no indication that, at the present time, Andrus

is in danger of suffering irreparable harm.  Andrus has neither demonstrated the likelihood of

success on the merits, nor has he demonstrated irreparable harm to justify the issuance of

immediate injunctive relief.  Accordingly, based upon the foregoing analysis, Andrus motion for

a preliminary injunction  (D.I. 3) is **denied**.

CHIEF, UNITED STATES DISTRICT JUDGE